UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raymone K. Bain and Davis, Bain & Associates, Inc., )<br>)<br>Plaintiffs )<br>v. )<br>)<br>Michael J. Jackson and MJJ Productions, Inc., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No.: 1:09-cv-00826 (JR) |

**EMERGENCY MOTION OF DEFENDANTS MICHAEL J. JACKSON AND MJJ PRODUCTIONS, INC. TO STAY ALL PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS AND THE APPOINTMENT OF A FINAL EXECUTOR TO MR. JACKSON'S ESTATE**

Defendants Michael J. Jackson and MJJ Productions, Inc., by and through undersigned counsel, hereby respectfully move this Court for an Order to stay all the proceedings in this matter pending ruling on Defendants' Motion to Dismiss the Amended Complaint and until the appointment of a final executor to Mr. Jackson's Estate, the reasons set forth in the accompanying Memorandum of Points and Authorities and other supporting papers, filed contemporaneously herewith and incorporated by reference as though set forth in its entirety.

Pursuant to LCvR 7(m), the parties have met and conferred regarding Defendants' intent to file said motion and Plaintiffs' counsel has stated it is their intent to oppose Defendants' motion.

Dated: July 10, 2009

Respectfully submitted,

DEWEY & LEBOEUF LLP


/s/ L. Londell McMillan
L. Londell McMillan (pro hac vice)
*lmcmillan@dl.com*
Donna L. Gordon (pro hac vice)
*dlgordon@dl.com*
1301 Avenue of the Americas
New York, NY 10019-6092
212.259.8000 (phone)
212.649.0970 (facsimile)

-and-

/s/ Henry W. Asbill
Henry W. Asbill
*hasbill@dl.com*
1101 New York Avenue, NW
Washington, DC 20005-4213
202.346.8000 (phone)
202.956.3263 (facsimile)

*Attorneys for Defendants*
*Michael J. Jackson and*
*MJJ Productions, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Raymone K. Bain and Davis, Bain & Associates, Inc., )<br>)<br>Plaintiffs )<br>v. )<br>)<br>Michael J. Jackson and MJJ Productions, Inc., )<br>)<br>Defendants. )<br>) | Civil Action No.: 1:09-cv-00826 (JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE EMERGENCY MOTION OF DEFENDANTS MICHAEL J. JACKSON AND MJJ PRODUCTIONS, INC. TO STAY ALL PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS AND THE <u>APPOINTMENT OF A FINAL EXECUTOR TO MR. JACKSON'S ESTATE</u>**

Through undersigned counsel, Defendants Michael J. Jackson ("Mr. Jackson") (who is now deceased) and MJJ Productions, Inc. ("MJJ") (collectively, "Jackson Parties" or "Defendants"), hereby submit this Memorandum of Points and Authorities in Support of their Emergency Motion to Stay all Proceedings in this Matter, Pending Ruling on Defendants' Motion to Dismiss the Amended Complaint and the Appointment of a Final Executor to Mr. Jackson's Estate.[1]

## BACKGROUND

Plaintiffs filed this action on May 6, 2009 alleging, *inter alia,* that they were entitled to certain monies based on the terms of a May 30, 2006 personal service agreement ("PSA") between Plaintiff Bain and Mr. Jackson.  On June 18, 2009, Defendants moved to dismiss Plaintiffs' Amended Complaint ("Complaint") on the ground that Plaintiffs' claims were barred by a December 27, 2007 payment and release agreement between the parties ("Payment and Release"), pursuant to which Defendants already paid Plaintiff Bain $488,820 "as full and final satisfaction of any and all monies, known or unknown, to be owed to [Ms. Bain] by the Jackson Parties with respect to any and all agreements whether verbal or written that [Ms. Bain] may have entered into with the Jackson Parties from the beginning of time until [the date of the Payment and Release]."  (McMillan Decl., Ex. A, ¶ 1 (Payment and Release).)  As Defendants also pointed out in their moving papers, the Payment and Release further provides that "[a]ll claims or disputes which may arise in relating hereto shall be subject to binding arbitration," such that any challenge by Plaintiffs to the validity and/or scope of the

---

[1] Plaintiffs' counsel would not consent to a delay past July 15, 2009 for Defendants to file an opposition to Plaintiffs' Motion for Disqualification.

1

Payment and Release must be submitted to arbitration, thereby requiring the dismissal, or at a minimum a stay, of this action.  (McMillan Decl., Ex. A, ¶ 6 (Payment and Release).)

Defendants' motion to dismiss is now fully briefed and is scheduled to be heard on August 11, 2009.  If granted, the motion will completely dispose of this action.  Meanwhile, on June 26, 2009, Plaintiffs filed a motion seeking to disqualify Defendants' counsel on the grounds, *inter alia*, that counsel might ultimately have to serve as fact witnesses given their role in drafting certain instruments relevant to the case and their involvement in negotiations relating to certain transactions including the Payment and Release agreement.

However, none of the issues raised by Plaintiffs' disqualification motion bear on Defendants' pending motion to dismiss, as the latter focuses solely on the Plaintiffs' present legal ability to bring this action in this Court at this time.  That issue can and should be resolved now, exclusively on the pleadings before this Court.

Further, Mr. Jackson passed away unexpectedly on June 25, 2009, leaving behind a vast and complex estate.  (McMillan Decl., ¶ 2.)  Legal proceedings concerning Mr. Jackson's estate remain ongoing, and final executors of the estate will not be named until August 3, 2009.  (McMillan Decl., ¶ 3.)  In the interest of judicial efficiency and the uncertainty surrounding the ongoing control of Mr. Jackson's legal matters, Defendants respectfully request that the Court stay all proceedings herein, including briefing and consideration of Plaintiff's disqualification motion, pending resolution of Defendants' motion to dismiss and the appointment of final executors of Mr. Jackson's estate.[2]

---

[2] Undersigned counsel have the present legal authority from the California Superior Court to litigate the present Motion to Dismiss.

## **ARGUMENT**

Pursuant to its inherent power to manage the cases on its docket so as to ensure the fair and efficient adjudication thereof, this Court can and should stay all proceedings in this action pending resolution of Defendants' motion to dismiss. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Judges often exercise this discretion to avoid the unnecessary use of resources and to maximize judicial efficiency. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("[a]llowing a case to proceed through the pretrial processes with an invalid claim . . . waste[s] the resources of the litigants in the action before the court, delay[s] resolution of disputes between other litigants, squander[s] scarce judicial resources, and damage[s] the integrity and the public's perception of the federal judicial system."); *Elliott v. Fed. Bureau of Prisons*, 2005 U.S. Dist. LEXIS 44224, at *1-*2 (D.D.C. Feb. 12, 2005); *Consol. Edison Co. of N.Y., Inc., v. O'Leary*, 27 F. Supp. 2d 26, 27 n.1 (D.D.C. 1998).

Thus, courts frequently grant stay motions pending resolution of a dispositive motion given the likelihood that such motions, if granted, will render moot other ancillary issues in the case, such as the disqualification motion. *See, e.g.*, *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001); *Jordan v. Evans*, 355 F. Supp. 2d 72, 85 (D.D.C. 2004); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-3 (D.D.C. 2001). Likewise, courts have not hesitated to grant stay motions following the death of a party and pending the appointment of representatives of the decedent's estate. *See Stewart v. Johnson*, 840 F.2d 18, 18 (6th Cir. 1988) (granting motion for stay of proceedings upon plaintiff's death in order to identify heirs and/or to

determine the opening of an estate); *Moore v. United States*, 2001 U.S. Dist. LEXIS 3597, at *2-*3 (D.N.D. Jan. 23, 2001) (granting plaintiffs' motion for stay and continuance of proceedings upon death of plaintiff so that a representative could be appointed); *Worldcrafters, Inc. v. Braun*, 1996 U.S. Dist. LEXIS 6541, at *1-*2 (E.D. Pa. May 9, 1996) (granting motion to stay all proceedings upon death of defendant until the appropriate representative was identified).

Here, all of the above considerations militate in favor of a stay. Defendants' motion to dismiss is fully-briefed and awaiting hearing, it raises purely legal questions and, if granted, it "would be thoroughly dispositive of the claims in the Complaint." *Chavous*, 201 F.R.D. at 2. As such, staying other proceedings in the meantime, including Plaintiffs' disqualification motion, would not only be "an appropriate exercise of the Court's discretion," but also "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* (citation omitted).

Nor will a brief stay of this action result in any prejudice to Plaintiffs. *See id.* at 3 (in considering stay motion pending ruling on dispositive motion, courts "inevitably must balance the harm produced by a delay in the case against the possibility that [a dispositive] motion will be granted") (citation omitted). The requested stay is certain to be of limited duration, as the hearing on Defendants' motion to dismiss is already scheduled for August 11, 2009. If the motion is granted, the case will either be dismissed or stayed pending arbitration, during which Ms. Bain's ill-fated disqualification claims can be addressed. If the motion is denied, other proceedings in this action, including

Plaintiffs' ill-fated disqualification motion, can resume and, by that time, final executors of Mr. Jackson's estate will, in all likelihood, have been appointed.

By contrast, Defendants would be unduly prejudiced if they were forced to undergo the burden and expense of responding to Plaintiffs' disqualification motion at this juncture, particularly given the impending hearing on Defendants' potentially dispositive motion to dismiss (which does not implicate any of the issues raised in Plaintiffs' disqualification motion), Mr. Jackson's recent, untimely death and the uncertainty surrounding his estate. *See Feinerman v. Bernardi*, 558 F. Supp. 2d 36, 42, 52 (D.D.C. 2008) (granting stay on debarment proceeding pending dispositive motions because moving forward with unwarranted debarment would unduly prejudice plaintiff).

## CONCLUSION

For the foregoing reasons, Defendants ask that the Court stay all proceedings in this matter, including briefing and consideration on Plaintiffs' disqualification motion, pending this Court's ruling on Defendants' Motion to Dismiss and the appointment of a final executor of Mr. Jackson's estate.

Dated:  July 10, 2009

                Respectfully submitted,

                DEWEY & LEBOEUF LLP

                /s/ L. Londell McMillan
                L. Londell McMillan (pro hac vice)
                *lmcmillan@dl.com*
                Donna L. Gordon (pro hac vice)
                *dlgordon@dl.com*
                1301 Avenue of the Americas
                New York, NY 10019-6092
                212.259.8000 (phone)

212.649.0970 (facsimile)

-and-

/s/ Henry W. Asbill
Henry W. Asbill
*hasbill@dl.com*
1101 New York Avenue, NW
Washington, DC 20005-4213
202.346.8000 (phone)
202.956.3263 (facsimile)

*Attorneys for Defendants*
*Michael J. Jackson and*
*MJJ Productions, Inc.*