IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raymone K. Bain, *et al.* )<br>(Plaintiff) )<br> )<br>v. )<br> )<br>Michael J. Jackson, *et al.* )<br>(Defendant) )<br> ) | Civil Action No.: 09-00826(JR) |

**MOTION FOR PERMISSION TO ALLOW THE**
***PRO HAC VICE* ADMISSION OF WILLIE E. GARY, ESQ.**

NOW COMES, the Plaintiffs through undersigned counsel of record, and under Local Rule 44.1(d) motions the Court for permission to allow Willie E. Gary, Esq. to appear as counsel *pro hac vice* in the above-styled and numbered cause. In support of his motion the undersigned submits herewith a declaration of Willie E. Gary, Esq., attached hereto as Exhibit "A" and incorporated herein by reference, as if fully set forth word for word and a Certificate of Good Standing for Willie E. Gary, attached hereto as Exhibit "B"

Dated:   December 18th, 2009.

                                                           Respectfully submitted,

                                                           /s/ Tricia P. Hoffler
                                                           TRICIA P. HOFFLER, ESQ.
                                                           DC Bar No. 419816
                                                           GARY, WILLIAMS, FINNEY, LEWIS,
                                                           WATSON & SPERANDO, P.L.
                                                           221 S.E. Osceola Street, P.O. Box 9005
                                                           Stuart, FL  34994
                                                           Ph.: (772) 283-8260   Fax: (772) 283-4996

                                                           Attorney for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Raymone K. Bain, *et al.* | ) | |
| (Plaintiff) | ) | |
| | ) | Civil Action No.: 09-00826(JR) |
| v. | ) | |
| | ) | |
| Michael J. Jackson, *et al.* | ) | |
| (Defendant) | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 18TH, 2009, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court and served same by the Court's CM/ECF system, on the following:

L. Londell McMillan, Esq.
Donna L. Gordon, Esq.
Frank C. Salzano, Esq.
Dewey & LeBoeuf, LLP
1301 Avenue of the Americas
New York, NY 10019-6092

and

Henry W. Asbill, Esq.
Dewey & LeBoeuf, LLP
1101 New York Ave., NW
Washington, DC 20005-4213

Dated: December 18th, 2009.

Respectfully submitted,

/s/ Tricia P. Hoffler
TRICIA P. HOFFLER, ESQ.
DC Bar No. 419816
GARY, WILLIAMS, FINNEY, LEWIS,
WATSON & SPERANDO, P.L.

221 S.E. Osceola Street, P.O. Box 9005
Stuart, FL 34994
Ph.: (772) 283-8260   Fax: (772) 283-4996

Attorney for the Plaintiffs

# AFFIDAVIT

STATE OF FLORIDA      )
COUNTY OF MARTIN   )

Before the Undersigned Authority personally appeared, Willie Gary, who after being duly sworn and under oath states as follows:

1. My full name is Willie Edward Gary. I have personal knowledge of the facts stated herein.

2. My office address is 221 S.E. Osceola Street, Stuart, Florida 34994. My phone number is 1-772-283-8260.

3. I am regularly admitted to practice by the Florida Bar, and have been admitted to the United States District Court for the Southern Division of Florida since April 21, 1975; the United States District Court for the Eastern District of Michigan since May 8, 2000; and, to the United States Court of Appeals for the 6th Circuit since September 12, 2000.

4. I am a member in good standing of the Florida Bar.

5. I was admitted to the Florida Bar on December 20, 1974.

6. Since my admission to the bar in 1974, I have received 2 Admonishments for Minor Misconduct from the Florida Bar on March 24, 1993 and June 17, 1994. The first incident involved a small loan which was made to a client to pay essential living expenses. The second incident involved ex parte communications with the Court by a client whom I represented at the time. Both reports are attached hereto as Exhibit 1.

7. Within the last two years I have not been admitted pro hac vice in the United States District Court for the District of Columbia.

8. I am not engaged in the practice of law from an office located in the District of Columbia.

9. I am not a member of the District of Columbia Bar.


EXHIBIT A

A F F I D A V I T
Willie Edward Gary
Page 2 of 2

    10.    I do not currently have an application for membership pending with the District of Columbia Bar.

Dated this the 10th of December, 2009.

                            WILLIE GARY, ESQ.
                            Florida Bar No. 187843
                            GARY, WILLIAMS, FINNEY, LEWIS,
                            WATSON & SPERANDO, P.L.
                            221 S.E. Osceola Street, P.O. Box 9005
                            Stuart, FL 34994
                            Ph.: (772) 283-8260   Fax: (772) 283-4996

Sworn to before me this 10th day of December, 2009.

                            Shannon S. McCullough
                            Commission # DD568776
                            Expires August 11, 2010
                            Bonded Troy Fain - Insurance, Inc  800-385-7019

NOTARY PUBLIC
State of Florida, AT LARGE

My Commission Expires:

IN THE SUPREME COURT OF FLORIDA
(Before the Board of Governors)

THE FLORIDA BAR,

    Complainant,

v.

WILLIE E. GARY,

    Respondent.
_____/

Case No. 82,525

TFB No. 93-30,900(19A)

## ADMONISHMENT FOR MINOR MISCONDUCT

Mr. Gary, you are admonished because of your professional misconduct.

You made improper loans to clients for living expenses. These loans, however, were charitable in nature, were of small amounts, and were not made with the intent to solicit clients for your firm.

Mr. Gary, a lawyer must refrain from engaging in any conduct that could create conflicting interests. Loans to clients, even small amounts for legitimate purposes, could impair an attorney's judgment and could give the attorney an impermissible advantage in obtaining clients.

The privilege of practicing law carries with it heavy responsibilities. Those responsibilities include conduct in your professional and personal activities. Those activities should never call into question the propriety of a strong and independent legal profession. You have failed these responsibilities.

Your fellow members of the Bar will not tolerate actions such as yours. Such actions denigrate the Bar and threaten the existence of our profession.

This reprimand is now a part of your permanent Bar record. The lawyers of Florida expect your future conduct to always be in compliance with your oath. Although this disciplinary sanction does not affect your privilege of practicing, future misconduct will.

DONE AND ADMINISTERED this 17th day of June, 1994.

                Patricia A. Seitz
                President
                The Florida Bar

**PUBLIC RECORD**

Exhibit A

EXHIBIT 1

IN THE SUPREME COURT OF FLORIDA
(Before a Grievance Committee)

THE FLORIDA BAR,

    Complainant,

v.

                                Case No. 92-31,663 (19A)

WILLIE E. GARY,

    Respondent.
_____/

## REPORT OF MINOR MISCONDUCT

I.   Committee Recommendation:   Pursuant to Rule 3-7.4(1), the committee recommends, after the hearing on February 28, 1993, that the respondent receive an admonishment. The admonishment should be administered by letter from the chair of the grievance committee.

II.   Comment on Mitigating, Aggravating or Evidentiary Matters: The committee believes that the following comment on mitigating, aggravating and evidentiary matters will be helpful in considering acceptance of the report:

    Attorney Phillip Taylor represented Mary Barner in a medical malpractice action on behalf of her minor child. Mr. Taylor was originally assigned to Ms. Barner's case while he was employed as an associate by the law firm of Searcy, Denney, Scarola, Barnhart & Shipley. Prior to the conclusion of Ms. Barner's case, Mr. Taylor left the Searcy firm and became employed by the respondent's law firm. Ms. Barner expressed a desire that Mr. Taylor continue representing her although she was a client of the Searcy law firm. Considerable litigation ensued concerning Mr. Taylor's attempts to continuing representing Ms. Barner and the court eventually appointed a guardian ad litem to determine whether Ms. Barner should be represented by Mr. Searcy's firm or the respondent's firm. This greatly upset Ms. Barner. She was a young black woman and believed she was being unfairly denied her right to hire the counsel of her choice.

    Ms. Barner asked the respondent to assist her in having the NAACP become involved in helping her secure what she felt to be her true right to have representation of her choice. The respondent was an active participant in the St. Lucie and Indian River County black communities and knew the presidents of both the NAACP chapters. He arranged for Ms. Barner to meet with one president, Rev. Howard D. Coleman, at the respondent's office. Rev. Coleman agreed to write a letter to the judge on her behalf

PUBLIC RECORD

and did so. Prior to mailing his letter, Reverend Coleman read it to the respondent's secretary for the purpose of seeking approval of the contents. There was no indication the respondent's secretary relayed this information to the respondent.

The president of the other chapter, Victor Hart, was not able to come to the respondent's office and asked that Ms. Barner be brought to his home. Mr. Taylor prepared a letter for Mr. Hart's signature which would be sent to the judge. He then took Ms. Barner to Mr. Hart's house where they discussed her concerns. Mr. Hart reviewed the letter and signed it. He then gave the letter to Mr. Taylor who mailed it to the judge.

Neither Rev. Coleman nor Mr. Hart were advised that the issue as to who would represent Mary Barner was being hotly contested between the two law firms in court. They were under the impression that the court was attempting to assign her an attorney over her objections much in the same way that a public defender is assigned to an indigent defendant in a criminal case. Further, copies of the letters were not sent to the Searcy law firm by the respondent.

What concerned the committee was the fact that the letters constituted ex parte communications with the judge concerning the subject matter pending before the court and as such were prohibited by the rules.

III. The cost of these proceedings in the amount of $645.33 are assessed against the respondent.

IV. Committee Vote: A quorum of not less than three members of the committee being present, two (2) of whom were lawyers, the committee by affirmative vote of a majority of the committee present voted in favor of the committee recommendation stated in Item I above. In accordance with Rule 3-7.4(f), the committee reports the number of committee members voting for, or against, this report as follows:

   In favor of the report    4
   Against the report        1

Dated this 24th day of March, 1993.

NINETEENTH JUDICIAL CIRCUIT GRIEVANCE COMMITTEE "A"

BY: _____
ROBERT LORD, CHAIR



# The Florida Bar

**JOHN F. HARKNESS, JR.**
EXECUTIVE DIRECTOR

651 EAST JEFFERSON STREET
TALLAHASSEE, FLORIDA 32399-2300

850/561-5600
WWW.FLORIDABAR.ORG

State of Florida      )

County of Leon       )

In Re:   187843
Willie E. Gary
Gary Williams Finney Lewis Watson
Sperando PL
221 S.E. Osceola St.
Stuart, FL

I HEREBY CERTIFY that I am the duly appointed custodian of membership records of The Florida Bar.

I FURTHER CERTIFY that the records in the office of the Clerk of the Supreme Court of Florida indicate that said attorney was admitted to practice law in the State of Florida on December 20, 1974.

I FURTHER CERTIFY that the records in the office of The Florida Bar indicate that the above attorney is a member of The Florida Bar in good standing.

Dated this ___7th___ day of December, 2009.

*Willie Mae Shepherd*

Willie Mae Shepherd
Supervisor, Membership Records
The Florida Bar

WMS/EC:R10



EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raymone K. Bain, *et al.* ) | |
| (Plaintiff) ) | |
| ) | Civil Action No.: 09-00826(JR) |
| v. ) | |
| ) | |
| Michael J. Jackson, *et al.* ) | |
| (Defendant) ) | |
| ) | |

## ORDER GRANTING MOTION FOR
## ADMISSION *PRO HAC VICE* OF WILLIE E. GARY

IT IS HEREBY ORDERED by this Court that the Motion for Admission *Pro Hac Vice* of Willie Gary in proceedings in the above captioned case is GRANTED.

Dated: _____, 2009

_____
JUDGE JAMES ROBERTSON